UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Todd A. Johnson, | Civil No. 12-1153 (DWF/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Commissioner of Social Security | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

This case is before the Court on Plaintiff Todd A. Johnson's Application for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The application was referred to the undersigned for the issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. Defendant Commissioner of Social Security does not oppose the application. As set forth below, the Court recommends that the application be granted and Johnson be awarded $8,534 in attorney's fees.

I.     Background

Johnson commenced this action pursuant to 42 U.S.C. § 405(g) for judicial review of an adverse disability benefits determination by the Commissioner. Johnson asked the Court to reverse the Commissioner's decision and award him benefits outright or remand the case for further proceedings. In a Report and Recommendation ("R&R") dated August 19, 2013, this Court recommended that the case be remanded to the Commissioner pursuant to sentence four of § 405(g) for an award of benefits as of March 29, 2006. (R&R at 20, Aug. 19, 2013, ECF No. 21.) On September 26, 2013, the Honorable Donovan W. Frank, United States District Judge,

adopted the R&R and remanded the case to the Commissioner. (Order at 3, Sept. 26, 2013, ECF No. 25.)

Johnson filed his application for attorney's fees on December 23, 2013, requesting fees in the amount of $8,534. (Appl. Att'y Fees at 2, Dec. 23, 2013, ECF No. 27.) This amount represents 50.2 hours of work at a rate of $170 an hour. (*Id.*) Johnson asks that the fee award be paid directly to his attorney, Lionel H. Peabody, and he assigned all rights to those fees to Mr. Peabody. (*Id.*) Mr. Peabody filed a declaration in support of the application, setting forth the fee arrangement with Johnson and describing his time spent working on the case. (Peabody Decl., Dec. 23, 2013, ECF No. 28.) The Commissioner has no objection to the requested fee award. (Def.'s Resp. at 1, Jan. 16, 2014, ECF No. 32.)

**II.     Discussion**

Under the EAJA, a prevailing party in an action against the United States or one of its agencies is entitled to an award of attorney's fees and expenses unless the position of the United States was substantially justified or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). Johnson bears the initial burden to establish he is a prevailing party. *See Huett v. Bowen*, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam). He meets this burden because the Commissioner's decision was reversed and the case remanded pursuant to sentence four of § 405(g). *See Thielke v. Colvin*, Civ. No. 11-538 (SRN/LIB), 2013 WL 4501472, at *3 (D. Minn. Aug. 22, 2013) (quoting *Johnson v. Astrue*, Civ. No. 10-4676 (RHK/AJB), 2012 WL 1593225, at *1 (D. Minn. May 7, 2012)); *see also Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

The burden now shifts to the Commissioner to demonstrate that she "was substantially justified in asserting [the government's] position." *Huett*, 873 F.2d at 1155 (citation omitted). A position is substantially justified if "the denial had a reasonable basis in law and fact." *Welter v.*

*Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citation omitted). By not opposing Johnson's application, the Commissioner concedes this step.

The Court turns next to the amount of fees requested by Johnson. Fees awarded under the EAJA must be reasonable and necessary. *Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988) (citation omitted). Johnson asks for an award of fees calculated by a rate of $170 an hour. Ordinarily, attorney fees may not exceed the rate "of $125.00 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Commissioner does not oppose the hourly rate of $170, and the Court finds the rate reasonable due to an increase in the cost of living since the statutory rate was established. *See Thielke*, 2013 WL 4501472, at *4 (approving $184.32 hourly rate); *Johnson*, 2012 WL 1593225, at *2 (approving $170 hourly rate). As for the number of hours, 50.2 is on the high end for similar cases, but the Commissioner has not challenged the amount of time, and after reviewing the time summary submitted by Mr. Peabody, the Court finds the number of hours reasonable and necessary.

An EAJA fee is awarded to the prevailing party, not his attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010) ("The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney."). Moreover, the fee award is subject to an offset if the party owes any federal debt. *Id.* at 594. Here, it is not known if Johnson has any outstanding federal debt, and the Court recommends that the government be allowed sixty days to determine whether he does. *See Thielke*, 2013 WL 4501472, at *4.

As for Johnson's assignment of the fee award to his attorney, there is a split of authority in the District of Minnesota over whether such assignments should be honored. *See McGrath v.*

3

*Astrue*, Civ. No. 10-4192 (ADM/SER), 2012 WL 4898276, at *4-5 (D. Minn. Oct. 1, 2012) (recognizing prevailing party's right to assign fee award to attorney), *adopted by* 2012 WL 4903288 (D. Minn. Oct. 16, 2012); *Ording v. Colvin*, Civ. No. 11-2296 (MJD/LIB), 2013 WL 2139498, at *5 (D. Minn. Apr. 29, 2013) (same), *adopted by* 2013 WL 2139497 (D. Minn. May 15, 2013); *Dornbusch v. Astrue*, Civ. No. 09-1734 (PJS/JJG), 2011 WL 779781, at *1 (D. Minn. Mar. 1, 2011) (same); *see also Mathews-Sheets v. Astrue*, 653 F.3d 560, 565-66 (7th Cir. 2011) ("[T]o ignore the assignment and order the fee paid to [the plaintiff] would just create a potential collection problem for the lawyer."). *But see Nelson ex rel. M.K.N.B. v. Astrue*, No. 10-4001 (JNE/TNL), 2011 WL 6987176, at *4 (D. Minn. Dec. 23, 2011) (finding assignment of fees a contract issue between plaintiff and her counsel and ordering payment remitted to plaintiff), *adopted by* 2012 WL 87291 (D. Minn. Jan 11, 2012); *Kirchner v. Astrue*, Civ. No. 10-3263 (PAM/LIB), 2011 WL 6122321, at *1 (D. Minn. Dec. 8, 2011) (concluding that assignment violated the plain language of the EAJA that the "court *shall* award to a prevailing party . . . .") (emphasis in *Kirchner*).

The District Judge assigned to this case was faced with the question of whether to pay the fee award to a plaintiff or her counsel, in light of an assignment of all rights to the award from the plaintiff to her attorney, in *Carlson v. Astrue*, No. 09-2547 (DWF/LIB), slip op. at 3 (D. Minn. Apr. 25, 2011). Judge Frank determined "that the award must be made to Plaintiff, rather than Plaintiff's counsel." *Id.* at 4. Accordingly, the Court recommends here that the fee award be made to Johnson, after any offset is applied. It is then up to Johnson to follow through with any contractual obligations to his attorney.

**III.   Recommendation**

Based on all the files, records, and proceedings herein, **IT IS HEREBY**

4

**RECOMMENDED** that:

1. Plaintiff's Application for Attorney Fees (ECF No. 27) be **GRANTED**;

2. Plaintiff be awarded $8,534 in attorney's fees;

3. The Government be granted sixty days to determine if the fee award is subject to an offset; and

4. Judgment be entered accordingly.

Dated: March 21, 2014

   s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **April 7, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.